## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01156

LISA FRAZEE, JAMES FRAZEE, JOHN
PEREA, PATRICIA PEREA, MARK SIEMEN,
WILLIAM SMITH, GEORGE PETERSON,
JENNIFER PETERSON, ANGELIKA LIST,
JOHN MORSE, ANNATASHA LIST,
DOUGLAS SMITH, individually and as natural
guardian of J.S., MISCHA SMITH, BEVERLY
VARGO, GARY VARGO, CINTHIA
STEWART, QUENTON RINER, BONNIE
RINER, BETTEJEAN BENNETT, MARTHA
THOMAS, KEDRICK THOMAS, MICHELE
TERRY, IRENE MEEKS, MONIQUE
MARQUEZ, MARK BASSETT
JOSEPH JACKSON, ERNEST DYKES,
MARGARETTA DYKES, KIMBERLY PRICE
JOANN YOUNG, ROBERT BELL, TERRI
BELL, CAROLYN BROWN, MARGOT
SINGER, ROGER SINGER, IRENE PILUSO,
MICHELLE NUTTER, individually and as
natural guardian of S.N. and J.N., JASON
ESSLINGER, GABRIEL GONZALEZ, TYLER
BROWN, WILLIAM BROWN, RAEANN
BROWN, individually and as natural guardian of
L.B., KENNEDY PULLEM, LYNSEY HUEY,
CINA LANEY, WILLIAM HUEY, KATHY
CLARK, LISA ARCHULETA, LMA SEGURA,
FREDERICO SEGURA
PAUL SIMS, CONRADO SIMS JR.,
individually and as natural guardian of X.S.,
BRANDE NICOLE SIMS, DAVID STEWART,
IVORY STEWART, RAFFAELLA LAMORA,
CORTNEE JARAMILLO, KIMBERLY
JARAMILLO, TAYLER JARAMILLO, JAMES
JARAMILLO, MARGARET KOZLOSKI,
HARVEY REEDER, MICHELLE SEARCY,
ERIC KNAPP, DEBORAH MYERS,
ELIZABETH KNAPP, FRANK WILMOTH,
CATHERINE SALAZAR, LEON SALAZAR,
RHONDA JOELL, KENNETH CASH,
ANGELA CASH, MARGIE CROW,

1

HEATHER MELENDEZ, individually and as
natural guardian of D.M, LISA BARTLETT,
individually and as natural guardian of L.D.,
T.D., and A.B., STACEY BURCIAGO,
individually and as natural guardian of M.G.B.,
REGGIE PECK, ROBIN SETTLE, TONY
SETTLE, DAWN COOPER, MILLER,
KRISTIE WISE,  individually and as natural
guardian of A.W.1, A.W.2, and A.W.3,
KATHIE WATSON, MICHAEL DUMON,
MARTAVUS WESTBROOK
SCHERELLE WESTBROOK, ANGELIKA
MAYO, KATIE STEPHENS, individually and
as natural guardian of T.S.1, C.S. and T.S.2,
DARRYL DAVIS, ANNELIESE HASKINS,
RICHARD SHEVOCK, AMELITA PINALES,
LUIS PINALES, SANDRA WAY, STEPHEN
WAY, JUDY CRENSHAW, DAVE
CRENSHAW, KATHY WEBER, LORETTA
WOOD, WILLIAM MOHRENWEISER SR.,
WILLIAM MOHRENWEISER JR., individually
and as natural guardian of C.M., JEREMIAH
STAFFORD, JOYCE STAFFORD, WAYNE
HALL, MARIA MARTINEZ, ALEXIS HALL,
DIANA RUSSELL, LINDA HUNTER, BOBBY
HOLMES, JESSE SCHULER, JOHN DOWDY,
individually and as natural guardian of E.D.,
PHILLIP SCHULER, ANITA CHURCH, ,
ELISABETH JAQUA, STEVEN EALEY,
KRISTEN BELCHER, TIFFANIE MARTIN,
LYNTERRA OSBORN, THOMAS RANDLE,
DAMARIS ACEVEDO, JAMES ACEVEDO,
JOSE COLON, BRIAN PRINE, ROXANNE
PRINE, AMANDA CARON, individually and
as natural guardian of B.C., SAMANTHA
CARON, individually and as natural guardian of
K.C., ROBERT MENDIOLA, CELENA
MENDIOLA, VALERIE CLAYBORN, JUSTIN
CLAYBORN, JORDAN BOOKER, MICHAEL
BOOKER, individually and as natural guardian
of C.B., KATHERINE DEATHERAGE,
CLARK DEATHERAGE, RUTH WALKER,
individually and as natural guardian of A.W.1,
A.W.2, and A.W.3, KENTRAIL WALKER,
SKY WALKER, DONALD MITCHELL,

2

SEDRICK WALKER, ALAN
SCHWARZMAN, STUART SCHWARZMAN,
HERBERT MABIE, RUTH SCHWARZMAN,
LISA WILLIAMS, MALYK WILLIAMS,
LAWRENCE HOLMES, AURORA SANTOS,
JAMIE HILSABECK, PAMELA DELANEY,
RAY COMPTON, STEPHEN SAMUELS,
PHYLLIS MORRIS-SAMUELS, RAYMOND
MORRIS, SHIRLEY MONTANO, RUBEN
MONTANO, MYRA MONTANO, VICTOR
MONTANO, LISA CREMEANS, ROBERT
CREMEANS, SAM DAVIS, DORINE DAVIS,
NICHOLAS MOORE, KRISTIE MOORE,
individually and as natural guardian of K.M.,
MIKE COLEMON, CHRISTY OTT, JOHN
BENNETT, KARIN BALLARD, SHUNIKA
WILLIAMS, individually and as natural
guardian of  A.W., K.F.S., and J.W., NICHOLE
DOWLING, THOMAS VALLEJO,
CHRISTOPHER VAN SICKLE, LAURIE
VALLEJO,  individually and as natural guardian of
R.V., Z.V., and A.K, ANTHONY DILWORTH,
individually and as natural guardian of A.D.,
ANGELIA HAMILTON, YVONNE BYNUM

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE

INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiffs, Lisa Frazee, James Frazee, John Perea, Patricia Perea, Mark Siemen, William Smith, George Peterson, Jennifer Peterson, Angelika List, John Morse, Annatasha List, Douglas Smith, individually and as natural guardian of J.S., Mischa Smith, Beverly Vargo, Gary Vargo, Cinthia Stewart, Quenton Riner, Bonnie Riner, Bettejean Bennett, Martha Thomas, Kedrick Thomas, Michele Terry, Irene Meeks, Monique Marquez, Mark Bassett, Joseph Jackson, Ernest Dykes, Margaretta Dykes, Kimberly Price, Joann Young, Robert Bell, Terri Bell, Carolyn Brown, Margot Singer, Roger Singer, Irene Piluso, Michelle Nutter, individually and as natural guardian of S.N. and J.N., Jason Esslinger, Gabriel Gonzalez, Tyler Brown, William Brown, Raeann Brown, individually and as natural guardian of L.B., Kennedy Pullem, Lynsey Huey, Cina Laney, William Huey, Kathy Clark, Lisa Archuleta, Lma Segura, Frederico Segura, Paul Sims, Conrado Sims Jr., individually and as natural guardian of X.S., Brande Nicole Sims, , David Stewart, Ivory Stewart, Raffaella Lamora, Cortnee Jaramillo, Kimberly Jaramillo, Tayler Jaramillo, James Jaramillo, Margaret Kozloski, Harvey Reeder, Michelle Searcy, Eric Knapp, individually and as natural guardian of E.K., Deborah Myers, Frank Wilmoth, Catherine Salazar, Leon Salazar, Rhonda Joell, Kenneth Cash, Angela Cash, Margie Crow, Heather Melendez, individually and as natural guardian of D.M., Lisa Bartlett, individually and as natural guardian of L.D., T.D., and A.B., Stacey Burciago, individually and as natural guardian of M.G.B., Reggie Peck, Robin Settle, Tony Settle, Dawn Cooper, Alice Jean Miller, Kristie Wise, individually and as natural guardian of A.W.1, A.W.2, and A.W.3, Kathie Watson, Michael Dumon, Martavus Westbrook, Scherelle Westbrook, Angelika Mayo, Katie Stephens, individually and as natural guardian to T.S.1, C.S., and T.S.2, Darryl Davis, Anneliese Haskins, Richard Shevock, Amelita Pinales, Luis Pinales, Sandra Way, Stephen Way, Judy Crenshaw, Dave Crenshaw, Kathy Weber, Loretta Wood, William Mohrenweiser Sr., William Mohrenweiser Jr., individually and as natural guardian to C.M., Jeremiah Stafford, Joyce Stafford, Wayne Hall, Maria Martinez, Alexis Hall, Diana Russell, Linda Hunter, Bobby Holmes, Jesse Schuler, John Dowdy, individually and as natural guardian of E.D., Phillip Schuler, Anita Church, Elisabeth Jaqua, Steven Ealey, Kristen Belcher, Tiffanie Martin, Lynterra Osborn, Thomas Randle, Damaris Acevedo, James Acevedo, Jose Colon, Brian Prine, Roxanne Prine, Amanda Caron, individually and as natural guardian of B.C., Samantha Caron, individually and as natural guardian of K.C., Robert Mendiola, Celena Mendiola, Valerie

4

Clayborn, Justin Clayborn, Jordan Booker, Michael Booker, individually and as natural guardian of C.B., Katherine Deatherage, Clark Deatherage, Ruth Walker, individually and as natural guardian of A.W.1, A.W.2, and A.W.3, Kentrail Walker, Sky Walker, Donald Mitchell, Sedrick Walker, Alan Schwarzman, Stuart Schwarzman, Herbert Mabie, Ruth Schwarzman, Lisa Williams, Malyk Williams, Lawrence Holmes, Aurora Santos, Jamie Hilsabeck, Pamela Delaney, Ray Compton, Stephen Samuels, Phyllis Morris-Samuels, Raymond Morris, Shirley Montano, Ruben Montano, Myra Montano, Victor Montano, Lisa Cremeans, Robert Cremeans, Sam Davis, Dorine Davis, Nicholas Moore, Kristie Moore, individually and as natural guardian of K.M., Mike Colemon, Christy Ott, John Bennett, Karin Ballard, Shunika Williams, individually and as natural guardian of A.W., K.F.S., and J.W., Nichole Dowling, Thomas Vallejo, Christopher Van Sickle, Laurie Vallejo, individually and as natural guardian of R.V., Z.V., and A.K., Anthony Dilworth, individually and as natural guardian of A.D., Angelia Hamilton, and Yvonne Bynum,, by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      This complaint is a related action to Bell, et al., v. The 3M Company, et al., 16-cv-2351-RBJ.

2.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

3.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

4.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use

agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

5.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

6.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

7.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

8.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

9.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

10.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

11.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

12.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

6

13.    Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

14.    In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

15.    In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

16.    It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

17.    Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

18.    By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

7

contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC

concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

19.     EPA officials recommended that pregnant women and small children should not

drink local water serving the Communities.[3]

20.     Subsequent investigations into the contamination were carried out by the United

States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the

groundwater resources for the Communities.[4]

21.     These investigations also concluded that the basis for this widespread

contamination of the Communities' ground water is decades of use, storage, and disposal of

aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

22.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as

"Areas of Investigation" ("CDPHE Areas of Investigation").

23.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their

awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human

health and the environment and was inherently dangerous.

24.     The Defendants also knew that both PFOA and PFOS were highly soluble and

mobile in water, highly likely to contaminate water supplies, highly persistent in the environment,

---

[2] *Id.*

[3] *Id*.

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air
Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016),
http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final
%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

25.    The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

26.    The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

27.    The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

28.    There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

29.    The Plaintiffs in this complaint were all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado at the relevant times.

**Health Effects of PFOS and PFOA Exposure**

9

30.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

31.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

32.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

33.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

34.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

35.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

36.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

37.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

38.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

39.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

40.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

41.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.    It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

42.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

43.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

44.    Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

45.    The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

46.    Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

47.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

48.    This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

49.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

50.    Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained

by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff.

## PARTIES

51.    Plaintiff Lisa Frazee is a resident of Colorado Springs, CO, who currently owns and resides at 5615 Marabou Way, Colorado Springs, CO 80911. As a result of Lisa Frazee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Frazee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.    Plaintiff James Frazee is a resident of Colorado Springs, CO, who currently resides at 5615 Marabou Way, Colorado Springs, CO 80911. As a result of James Frazee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Frazee has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.    Plaintiff John Perea is a resident of Fountain, CO, who currently owns and resides at 565 Calle Entrada, Fountain, CO 80817. As a result of John Perea's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Perea has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.    Plaintiff Patricia Perea is a resident of Fountain, CO, who currently owns and resides at 565 Calle Entrada, Fountain, CO 80817. As a result of Patricia Perea's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Perea has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

55.    Plaintiff Mark Siemen is a resident of Pueblo, CO, who currently owns and resides at 569 N Ramaldo Drive, Pueblo, CO 81007. As a result of Mark Siemen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Siemen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.    Plaintiff William Smith is a resident of Colorado Springs, CO, who currently owns and resides at 57 Easy Street, Colorado Springs, CO 80911. As a result of William Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

57.    Plaintiff George Peterson is a resident of Fountain, CO, who currently owns and resides at 570 Calle Entrada, Fountain, CO 80817. As a result of George Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Peterson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.    Plaintiff Jennifer Peterson is a resident of Fountain, CO, who currently resides at 570 Calle Entrada, Fountain, CO 80817. As a result of Jennifer Peterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Peterson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.    Plaintiff Angelika List is a resident of Colorado Springs, CO, who currently owns and resides at 571 Upton Drive, Colorado Springs, CO 80911. As a result of Angelika List's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelika

14

List has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.     Plaintiff John Morse is a resident of Colorado Springs, CO, who currently resides at 571 Upton Drive, Colorado Springs, CO 80911. As a result of John Morse's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Morse has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.     Plaintiff Annatasha List is a resident of Colorado Springs, CO, who currently resides at 571 Upton Drive, Colorado Springs, CO 80911. As a result of Annatasha List's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annatasha List has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.     Plaintiff Douglas Smith, individually and as parent and natural guardian of J.S., is a resident of Colorado Springs, CO, who currently owns and resides at 5729 Water Dipper Road, Colorado Springs, CO 80911.  The minor child, J.S., is a resident of Colorado Springs, CO. As a result of Douglas Smith and J.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Douglas Smith and J.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Douglas Smith has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

63.     Plaintiff Mischa Smith is a resident of Colorado Springs, CO, who currently resides at 5729 Water Dipper Road, Colorado Springs, CO 80911. As a result of Mischa Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mischa Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides

15

in or resided in El Paso County, Colorado.

64.    Plaintiff Beverly Vargo is a resident of Peyton, CO, who currently owns and resides
at 5745 Eggar Court, Peyton, CO 80831. As a result of Beverly Vargo's exposure to elevated levels
of PFOA, PFOS, and/or PFCs in the drinking water supply, Beverly Vargo has elevated levels of
PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El
Paso County, Colorado.

65.    Plaintiff Gary Vargo is a resident of Peyton, CO, who currently owns and resides
at 5745 Eggar Court, Peyton, CO 80831. As a result of Gary Vargo's exposure to elevated levels
of PFOA, PFOS, and/or PFCs in the drinking water supply, Gary Vargo has elevated levels of
PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El
Paso County, Colorado.

66.    Plaintiff Cinthia Stewart, individually and as parent and natural guardian of D.S.
and S.S., is a resident of Fountain, CO, who currently owns and resides at 5765 Southmoor Drive,
Lot 37, Fountain, CO 80817.  The minor children, D.S. and S.S. are residents of Fountain, CO.  As
a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water
supply, Cinthia Stewart, D.S. and S.S., have elevated levels of PFOA, PFOS, and/or PFCs in their
blood, and has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided
in El Paso County, Colorado.

67.    Plaintiff Quenton Riner is a resident of Fountain, CO, who currently resides at 5775
Southmoor Drive, Lot 6, Fountain, CO 80817. As a result of Quenton Riner's exposure to elevated
levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Quenton Riner has elevated
levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid
Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

16

68.     Plaintiff Bonnie Riner is a resident of Fountain, CO, who currently resides at 5775 Southmoor Drive, Lot 6, Fountain, CO 80817. As a result of Bonnie Riner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Riner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.     Plaintiff Bette Jean Bennett is a resident of Fountain, CO, who currently resides at 5795 Southmoor Drive, Lot 50, Fountain, CO 80817. As a result of Bettejean Bennett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bettejean Bennett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.     Plaintiff Martha Thomas is a resident of Fountain, CO, who currently owns and resides at 5795 Southmoor Drive, Fountain, CO 80817. As a result of Martha Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martha Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.     Plaintiff Kedrick Thomas is a resident of Fountain, CO, who currently owns and resides at 5795 Southmoor Drive, Lot 25, Fountain, CO 80817. As a result of Kedrick Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kedrick Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.     Plaintiff Michele Terry is a resident of Fountain, CO, who currently owns and resides 5795 Southmoor Drive, #35 Security Mobile Home Village, Fountain, Colorado 80817. As a result of Michele Terry's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Michele Terry has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.     Plaintiff Irene Meeks is a resident of Fountain, CO, who currently resides at 5795 Southmoor Drive, Lot 3, Fountain, CO 80817. As a result of Irene Meeks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Irene Meeks has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.     Plaintiff Monique Marquez is a resident of Fountain, CO, who currently owns and resides at 5795 Southmoor Drive, Lot 31, Fountain, CO 80817. As a result of Monique Marquez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Monique Marquez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Bladder Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.     Plaintiff Mark Bassett is a resident of Fountain, CO, who currently owns and resides at 5795 Southmoor Drive, Lot 24, Fountain, CO 80817. As a result of Mark Bassett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Bassett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.     Plaintiff Joseph Jackson is a resident of Colorado Springs, CO, who currently owns and resides at 4310 Cassidy Street, Colorado Springs, CO 80911. As a result of Joseph Jackson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Jackson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff

currently resides in or resided in El Paso County, Colorado.

77.    Plaintiff Ernest Dykes is a resident of Colorado Springs, CO, who currently owns and resides at 5810 Kittery Drive, Colorado Springs, CO 80911. As a result of Ernest Dykes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ernest Dykes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.    Plaintiff Margaretta Dykes is a resident of Colorado Springs, CO, who currently owns and resides at 5810 Kittery Drive, Colorado Springs, CO 80911. As a result of Margaretta Dykes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaretta Dykes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.    Plaintiff Kimberly Price at all relevant times hereto, was a citizen of the State of Colorado resident. The Plaintiff currently resides at 589 Suzanna Avenue, Bradley, IL 60915. As a result of Kimberly Price's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at (no CO address listed), Kimberly Price has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff

80.    Plaintiff Joann Young at all relevant times hereto, was a citizen of the State of Colorado resident. The Plaintiff currently resides at 589 Suzanna Avenue, Bradley, IL 60915. As a result of Joann Young's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joann Young has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiff

currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff Robert Bell is a resident of Colorado Springs, CO, who currently owns and resides at 5908 Dancing Sun Way, Colorado Springs, CO 80911. As a result of Robert Bell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Bell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

82.     Plaintiff Terri Bell is a resident of Colorado Springs, CO, who currently resides at 5908 Dancing Sun Way, Colorado Springs, CO 80911. As a result of Terri Bell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terri Bell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Carolyn Brown is a resident of Fountain, CO, who currently owns and resides at 592 Corte Sol, Fountain, CO 80817. As a result of Carolyn Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.     Plaintiff Margot Singer is a resident of Colorado Springs, CO, who currently owns and resides at 596 Dexter Street, Colorado Springs, CO 80911. As a result of Margot Singer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margot Singer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.     Plaintiff Roger Singer is a resident of Colorado Springs, CO, who currently resides

20

at 596 Dexter Street, Colorado Springs, CO 80911. As a result of Roger Singer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roger Singer has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.     Plaintiff Irene Piluso at all relevant times hereto, was a citizen of the State of Colorado residing at 1814 Couch Place, Colorado Springs, CO 80911. As a result of Irene Piluso's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 1814 Couch Place, Colorado Springs, CO 80911, Irene Piluso has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 5962 Tradeau Road, Cheboygan, MI 49721.

87.     Plaintiff Michelle Nutter, individually and as parent and natural guardian of S.N. and J.N., is a resident of Colorado Springs, CO, who currently resides at 60 Security Boulevard, Colorado Springs, CO 80911. The minor children, S.N. and J.N. are residents of Colorado Springs, CO.  As a result of Michelle Nutter, S.N. and J.N.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Nutter, S.N., and J.N. have elevated levels of PFOA, PFOS, and/or PFCs in blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff Jason Esslinger is a resident of Fountain, CO, who currently owns and resides at 600 Wheat Field Road, Fountain, CO 80817. As a result of Jason Esslinger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Esslinger has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.     Plaintiff Gabriel Gonzalez at all relevant times hereto, was a citizen of the State of

Colorado resident. The Plaintiff currently resides at 6007 Miramonte Boulevard, Los Angeles, CA

90001. As a result of Gabriel Gonzalez's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply at (no CO address listed), Gabriel Gonzalez has elevated levels of

PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems.

90.     Plaintiff Tyler Brown is a resident of Colorado Springs, CO, who currently resides

at 601 Dean Drive, Colorado Springs, CO 80911. As a result of Tyler Brown's exposure to elevated

levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tyler Brown has elevated levels

of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems.

The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff William Brown is a resident of Colorado Springs, CO, who currently

resides at 601 Dean Drive, Colorado Springs, CO 80911. As a result of William Brown's exposure

to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Brown has

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides

in or resided in El Paso County, Colorado.

92.     Plaintiff Raeann Brown, individually and as parent and natural parent of L.B., is a

resident of Colorado Springs, CO, who currently owns and resides at 601 Dean Drive, Colorado

Springs, CO 80911.  The minor child, L.B., is a resident of Colorado Springs, CO.  As a result of

Raeann Brown and L.B.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Raeann Brown and L.B. have elevated levels of PFOA, PFOS, and/or PFCs in their

blood, and Reann Brown has been diagnosed with Pregnancy Problems. The Plaintiff currently

resides in or resided in El Paso County, Colorado.

93.     Plaintiff Kennedy Pullem is a resident of Colorado Springs, CO, who currently

resides at 6015 Fencepost Drive, Colorado Springs, CO 80919. As a result of Kennedy Pullem's

22

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kennedy
Pullem has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been
diagnosed with Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso
County, Colorado.

94.     Plaintiff Lynsey Huey is a resident of Colorado Springs, CO, who currently resides
at 6015 Passing Sky Drive, Colorado Springs, CO 80911. As a result of Lynsey Huey's exposure
to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynsey Huey has
elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides
in or resided in El Paso County, Colorado.

95.     Plaintiff Cina Laney is a resident of Colorado Springs, CO, who currently resides
at 6015 Passing Sky Drive, Colorado Springs, CO 80911. As a result of Cina Laney's exposure to
elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cina Laney has
elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides
in or resided in El Paso County, Colorado.

96.     Plaintiff William Huey is a resident of Colorado Springs, CO, who currently owns
and resides at 6015 Passing Sky Drive, Colorado Springs, CO 80911. As a result of William
Huey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,
William Huey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff
currently resides in or resided in El Paso County, Colorado.

97.     Plaintiff Kathy Clark is a resident of Colorado Springs, CO, who currently owns
and resides at 687 Seawell Drive, Colorado Springs, CO 80911. As a result of Kathy Clark's
exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy
Clark has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.    Plaintiff Lisa Archuleta is a resident of Colorado Springs, CO, who currently owns and resides at 603 Rowe Lane, Colorado Springs, CO 80911. As a result of Lisa Archuleta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Archuleta has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.    Plaintiff Elma Segura is a resident of Fountain, CO, who currently owns and resides at 605 Clearview Drive, Fountain, CO 80817. As a result of Elma Segura's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elma Segura has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Frederico Segura is a resident of Fountain, CO, who currently owns and resides at 605 Clearview Drive, Fountain, CO. As a result of Frederico Segura's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frederico Segura has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.    Plaintiff Paul Sims is a resident of Fountain, CO, who currently resides at 605 Harvest Field Way, Fountain, CO 80817. As a result of Paul Sims's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Sims has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Conrado Sims Jr., individually and as parent and natural guardian of X.S., is a resident of Fountain, CO, who currently resides at 605 Harvest Field Way, Fountain, CO 80817. The minor child, X.S., is a resident of Fountain, CO.  As a result of Conrado Sims Jr. and X.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Conrado Sims Jr. and X.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

103.    Plaintiff Brande Nicole Sims is a resident of Fountain, CO, who currently resides at 605 Harvest Field Way, Fountain, CO 80817. As a result of Brande Nicole Sims's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brande Nicole Sims has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff David Stewart is a resident of Colorado Springs, CO, who currently owns and resides at 6084 Dancing Sun Way, Colorado Springs, CO 80911. As a result of David Stewart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Stewart has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Ivory Stewart is a resident of Colorado Springs, CO, who currently resides at 6084 Dancing Sun Way, Colorado Springs, CO 80911. As a result of Ivory Stewart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ivory Stewart has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Raffaella Lamora is a resident of Colorado Springs, CO, who currently

resides at 6084 Dancing Sun Way, Colorado Springs, CO 80911. As a result of Raffaella Lamora's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raffaella Lamora has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.     Plaintiff Cortnee Jaramillo is a resident of Fountain, CO, who currently resides at 609 Bunting Avenue, Fountain, CO 80817. As a result of Cortnee Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cortnee Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.     Plaintiff Kimberly Jaramillo is a resident of Fountain, CO, who currently owns and resides at 609 Bunting Avenue, Fountain, CO 80817. As a result of Kimberly Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.     Plaintiff Tayler Jaramillo is a resident of Fountain, CO, who currently resides at 609 Bunting Avenue, Fountain, CO 80817. As a result of Tayler Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tayler Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.     Plaintiff James Jaramillo is a resident of Fountain, CO, who currently owns and resides at 609 Bunting Avenue, Fountain, CO 80817. As a result of James Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides

in or resided in El Paso County, Colorado.

111.    Plaintiff Margaret Kozloski is a resident of Colorado Springs, CO, who currently owns and resides at 609 Quebec Street, Colorado Springs, CO 80911. As a result of Margaret Kozloski's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Kozloski has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Harvey Reeder is a resident of Colorado Springs, CO, who currently resides at 609 Quebec Street, Colorado Springs, CO 80911. As a result of Harvey Reeder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harvey Reeder has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.    Plaintiff Michelle Searcy is a resident of Colorado Springs, CO, who currently owns and resides at 61 Security Boulevard, Colorado Springs, CO 80911. As a result of Michelle Searcy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Searcy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.    Plaintiff Eric Knapp, individually and as parent and natural guardian of E.K., is a resident of Colorado Springs, CO, who currently resides at 61 Watson Boulevard., Colorado Springs, CO 80911. As a result of Eric Knapp and E.K.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eric Knapp and E.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Eric Knapp has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

115.    Plaintiff Deborah Myers is a resident of Colorado Springs, CO, who currently resides at 61 Watson Boulevard Colorado Springs, CO 80911. As a result of Deborah Myers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Myers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

116.    Plaintiff Frank Wilmoth is a resident of Colorado Springs, CO, who currently owns and resides at 610 Harvard Street, Colorado Springs, Colorado 80911. As a result of Frank Wilmoth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Wilmoth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Catherine Salazar is a resident of Colorado Springs, CO, who currently owns and resides at 610 Quebec Street, Colorado Springs, CO 80911. As a result of Catherine Salazar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Catherine Salazar has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.    Plaintiff Leon Salazar is a resident of Colorado Springs, CO, who currently owns and resides at 610 Quebec Street, Colorado Springs, CO 80911. As a result of Leon Salazar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leon Salazar has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided

28

in El Paso County, Colorado.

119.    Plaintiff Rhonda Joell is a resident of Fountain, CO, who currently owns and resides at 613 Rye Ridge Road, Fountain, CO 80817. As a result of Rhonda Joell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rhonda Joell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Kenneth Cash is a resident of Fountain, CO, who currently owns and resides at 613 Wheat Field Road, Fountain, CO 80817. As a result of Kenneth Cash's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Cash has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.    Plaintiff Angela Cash is a resident of Fountain, CO, who currently resides at 613 Wheat Field Road, Fountain, CO 80817. As a result of Angela Cash's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Cash has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff Margie Crow is a resident of Colorado Springs, CO, who currently resides at 614 Empress Circle, Colorado Springs, Colorado 80911. As a result of Margie Crow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margie Crow has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff Heather Melendez, individually and as parent and natural guardian of D.M., is a resident of Colorado Springs, CO, who currently resides at 6145 Mustang Meadow

29

Point, Colorado Springs, CO 80922. The minor child, D.M., is a resident of Colorado Springs, CO. As a result of Heather Melendez and D.M.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Melendez and D.M. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and Heather Melendez has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

124.    Plaintiff Lisa Bartlett, individually and as parent and natural guardian of L.D., T.D., and A.B., is a resident of Colorado Springs, CO, who currently owns and resides at 6173 Hayfield Place, Colorado Springs, CO 80925. The minor children, L.D., T.D., and A.B., are residents of Colorado Springs, CO.  As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Bartlett, L.D., T.D. and A.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

125.    Plaintiff Stacey Burciago, individually and as parent and natural guardian of M.G.B., is a resident of Colorado Springs, CO, who currently owns and resides at 62 Hayes Drive, Colorado Springs, CO 80911.  The minor child, M.G.B. is a resident of Colorado Springs, CO. As a result of Stacey Burciago and M.G.B's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stacey Burciago and M.G.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stacey Buriago has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

126.    Plaintiff Reggie Peck is a resident of Fountain, CO, who currently resides at 620 Calle Entrada, Fountain, CO 80817. As a result of Reggie Peck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Reggie Peck has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso

County, Colorado.

127.    Plaintiff Robin Settle is a resident of Colorado Springs, CO, who currently owns
and resides at 620 Lindstrom Drive, Colorado Springs, CO 80911. As a result of Robin Settle's
exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robin
Settle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been
diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County,
Colorado.

128.    Plaintiff Tony Settle is a resident of Colorado Springs, CO, who currently owns and
resides at 620 Lindstrom Drive, Colorado Springs, CO 80911. As a result of Tony Settle's
exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tony Settle
has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with
High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Dawn Cooper is a resident of Colorado Springs, CO, who currently resides
at 6224 Gossamer Street, Colorado Springs, CO 80911. As a result of Dawn Cooper's exposure to
elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dawn Cooper has
elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides
in or resided in El Paso County, Colorado.

130.  Plaintiff Krista Wise, individually and as parent and natural guardian of A.W.1,
A.W.2, and A.W.3, is a resident of Colorado Springs, CO, who currently owns and resides at 4123
Otto Lane, Colorado Springs, CO 80911. The minor children, A.W.1, A.W.2., and A.W.3. are
residents of Colorado Springs, CO.  As a result of their exposure to elevated levels of PFOA,
PFOS, and/or PFCs in the drinking water supply, Krista Wise and A.W. have elevated levels of
PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso

31

County, Colorado.

131.    Plaintiff Kathie Watson is a resident of Fountain, CO, who currently resides at 623 Blackmore Place, Fountain, CO 80817. As a result of Kathie Watson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathie Watson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Michael Dumon is a resident of Colorado Springs, CO, who currently resides at 624 Dexter Street, Colorado Springs, CO 80911. As a result of Michael Dumon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Dumon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.    Plaintiff Martavus Westbrook is a resident of Colorado Springs, CO, who currently resides at 6247 Bearcat Loop, Colorado Springs, CO 80925. As a result of Martavus Westbrook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martavus Westbrook has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Scherelle Westbrook is a resident of Colorado Springs, CO, who currently resides at 6247 Bearcat Loop, Colorado Springs, CO 80925. As a result of Scherelle Westbrook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scherelle Westbrook has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff Angelika Mayo is a resident of Colorado Springs, CO, who currently owns and resides at 6266 Pilgrimage Road, Colorado Springs, CO 80925 As a result of Angelika Mayo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelika Mayo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Katie Stephens, individually and as parent and natural guardian of T.S.1, C.S., and T.S.2, is a resident of Colorado Springs, CO, who currently owns and resides at 6281 San Mateo Drive, Colorado Springs, CO 80911. The minor children, T.S.1., C.S. and T.S.2, are residents of Colorado Springs, CO. As a result of Katie Stephens, T.S.1, C.S., and T.S.2's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katie Stephens, T.S.1, C.S., and T.S.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and have been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

137.    Plaintiff Darryl Davis is a resident of Colorado Springs, CO, who currently owns and resides at 632 Squire Street, Colorado Springs, CO 80911. As a result of Darryl Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Darryl Davis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Anneliese Haskins is a resident of Colorado Springs, CO, who currently resides at 632 Squire Street, Colorado Springs, CO 80911. As a result of Anneliese Haskins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anneliese

Haskins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

139.    Plaintiff Richard Shevock is a resident of Colorado Springs, CO, who currently owns and resides at 635 Quebec Street, Colorado Springs, CO 80911. As a result of Richard Shevock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Shevock has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Amelita Pinales is a resident of Colorado Springs, CO, who currently owns and resides at 6360 Tranters Creek Way, Colorado Springs, CO 80925. As a result of Amelita Pinales's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amelita Pinales has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Luis Pinales is a resident of Colorado Springs, CO, who currently owns and resides at 6360 Tranters Creek Way, Colorado Springs, CO 80925. As a result of Luis Pinales's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Luis Pinales has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Sandra Way is a resident of Colorado Springs, CO, who currently resides at 6382 Pilgrimage Road, Colorado Springs, CO 80925. As a result of Sandra Way's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Way has

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.    Plaintiff Stephen Way is a resident of Colorado Springs, CO, who currently resides at 6382 Pilgrimage Road, Colorado Springs, CO 80925. As a result of Stephen Way's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Way has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.    Plaintiff Judy Crenshaw is a resident of Colorado Springs, CO, who currently owns and resides at 640 Fay Drive, Colorado Springs, CO 80911. As a result of Judy Crenshaw's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judy Crenshaw has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.    Plaintiff Dave Crenshaw is a resident of Colorado Springs, CO, who currently owns and resides at 640 Fay Drive, Colorado Springs, CO 80911. As a result of Dave Crenshaw's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dave Crenshaw has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Kathy Weber is a resident of Colorado Springs, CO, who currently owns and resides at 640 Hugh Martin Street, Colorado Springs, CO 80911. As a result of Kathy Weber's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathy Weber has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County,

Colorado.

147.    Plaintiff Loretta Wood is a resident of Colorado Springs, CO, who currently resides at 6425 Elliot, Colorado Springs, CO 80911. As a result of Loretta Wood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Loretta Wood has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.    Plaintiff William Mohrenweiser Sr. is a resident of Colorado Springs, CO, who currently owns and resides at 6425 Elliot, Colorado Springs, CO 80911. As a result of William Mohrenweiser Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Mohrenweiser Sr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.    Plaintiff William Mohrenweiser Jr., individually and as parent and natural guardian of C.M., is a resident of Colorado Springs, CO, who currently resides at 6425 Elliot, Colorado Springs, CO 80911.  The minor child, C.M., is a resident of Colorado Springs, CO. As a result of William Mohrenweiser Jr. and C.M.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Mohrenweiser Jr. and C.M. have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

150.    Plaintiff Jeremiah Stafford is a resident of Fountain, CO, who currently owns and resides at 645 Legend Oak Drive, Fountain, CO 80817. As a result of Jeremiah Stafford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeremiah Stafford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso

36

County, Colorado.

151.    Plaintiff Joyce Stafford is a resident of Fountain, CO, who currently owns and resides at 645 Legend Oak Drive, Fountain, CO 80817. As a result of Joyce Stafford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce Stafford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.    Plaintiff Wayne Hall is a resident of Colorado Springs, CO, who currently owns and resides at 6510 Grey Eagle Lane, Colorado Springs, CO 80911. As a result of Wayne Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wayne Hall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Liver Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.    Plaintiff Alexis Hall is a resident of Colorado Springs, CO, who currently resides at 6510 Grey Eagle Lane, Colorado Springs, CO 80911. As a result of Alexis Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexis Hall has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

154.    Plaintiff Diana Russell is a resident of Colorado Springs, CO, who currently resides at 6520 Lonewood Drive, Colorado Springs, CO 80925. As a result of Diana Russell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diana Russell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

155.    Plaintiff Linda Hunter, individually and as personal representative of Bobby Holmes, is

a resident of Colorado Springs, CO, who currently owns and resides at 6520 Snowshoe Trail, Colorado Springs, CO 80911. Bobby Holmes resides at 6520 Snowshoe Trail, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Hunter and Bobby Holmes has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Linda Hunter has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

156.    Plaintiff Jesse Schuler is a resident of Colorado Springs, CO, who currently resides at 6540 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Jesse Schuler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jesse Schuler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.    Plaintiff John Dowdy, individually and as parent and natural guardian of E.D., is a resident of Colorado Springs, CO, who currently owns and resides at 6540 Grand Valley Drive, Colorado Springs, CO 80911.  The minor child, E.D., is a resident of Colorado Springs, CO. As a result of John Dowdy and E.D.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Dowdy and E.D. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and John Dowdy has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

158.    Plaintiff Phillip Schuler is a resident of Colorado Springs, CO, who currently resides at 6540 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Phillip Schuler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Schuler has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

38

159.    Plaintiff Anita Church is a resident of Colorado Springs, CO, who currently resides at 6540 Grand Valley Drive, Colorado Springs, CO 80911. As a result of Anita Church's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anita Church has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Elisabeth Jaqua is a resident of Colorado Springs, CO, who currently owns and resides at 6540 Snowshoe Trail, Colorado Springs, CO 80911. As a result of Elisabeth Jaqua's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elisabeth Jaqua has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Steven Ealey is a resident of Colorado Springs, CO, who currently resides at 6540 Snowshoe Trail, Colorado Springs, CO 80911. As a result of Steven Ealey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Ealey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Kristen Belcher is a resident of Colorado Springs, CO, who currently resides at 6540 Snowshoe Trail, Colorado Springs, CO 80911. As a result of Kristen Belcher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristen Belcher has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Tiffanie Martin is a resident of Colorado Springs, CO, who currently resides at 4556 Tetman Lane, Colorado Springs, CO 80916. As a result of Tiffanie Martin's

39

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffanie Martin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

164.    Plaintiff Lynterra Osborn is a resident of Colorado Springs, CO, who currently owns and resides at 6540 Snowshoe Trail, Colorado Springs, CO 80911. As a result of Lynterra Osborn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynterra Osborn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Thomas Randle at all relevant times hereto, was a citizen of the State of Colorado residing at 6934 Ketchum Drive, Colorado Springs, CO 80911.  As a result of Thomas Randle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply at 6934 Ketchum Drive, Colorado Springs, CO 80911, Thomas Randle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 100 Paradise Harbour Boulevard, Unit 501, North Palm Beach, FL 33408.

166.    Plaintiff Damaris Acevedo is a resident of Colorado Springs, CO, who currently owns and resides at 6541 Justice Way, Colorado Springs, CO 80925. As a result of Damaris Acevedo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Damaris Acevedo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff James Acevedo is a resident of Colorado Springs, CO, who currently owns and resides at 6541 Justice Way, Colorado Springs, CO 80925. As a result of James Acevedo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James

Acevedo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.    Plaintiff Jose Colon is a resident of Colorado Springs, CO, who currently resides at 6541 Justice Way, Colorado Springs, CO 80925. As a result of Jose Colon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jose Colon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Brian Prine is a resident of Colorado Springs, CO, who currently owns and resides at 6549 Tranters Creek Way, Colorado Springs, CO 80925. As a result of Brian Prine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Prine has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

170.    Plaintiff Roxanne Prine is a resident of Colorado Springs, CO, who currently owns and resides at 6549 Tranters Creek Way, Colorado Springs, CO 80925. As a result of Roxanne Prine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roxanne Prine has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.    Plaintiff Amanda Caron, individually and as parent and natural guardian of B.C., is a resident of Colorado Springs, CO, who currently resides at 6549 Tranters Creek Way, Colorado Springs, CO 80925. The minor child, B.C., is a resident of Colorado Springs, CO. As a result of Amanda Caron and B.C.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Caron and B.C. have elevated levels of PFOA, PFOS, and/or PFCs

41

in their blood. B.C. has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

172.    Plaintiff Samantha Caron, individually and as parent and natural guardian of K.C., is a resident of Colorado Springs, CO, who currently owns and resides at 6549 Tranters Creek Way, Colorado Springs, CO 80925.  The minor child, K.C., is a resident of Colorado Springs, CO. As a result of Samantha Caron and K.C.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samantha Caron and K.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and have been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

173.    Plaintiff Robert Mendiola is a resident of Colorado Springs, CO, who currently owns and resides at 6550 Athletic Avenue, Colorado Springs, CO 80911. As a result of Robert Mendiola's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Mendiola has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

174.    Plaintiff Celena Mendiola is a resident of Colorado Springs, CO, who currently resides at 6550 Athletic Avenue, Colorado Springs, CO 80911. As a result of Celena Mendiola's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Celena Mendiola has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Valerie Clayborn is a resident of Yoder, CO, who currently owns and resides at 6550 Lauppe Road, Yoder, CO 80864. As a result of Valerie Clayborn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Valerie Clayborn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with

42

Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

176.    Plaintiff Justin Clayborn is a resident of Yoder, CO, who currently resides at 6550 Lauppe Road, Yoder, CO 80864. As a result of Justin Clayborn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Clayborn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Jordan Booker is a resident of Colorado Springs, CO, who currently resides at 6560 Tranters Creek Way, Colorado Springs, CO 80925. As a result of Jordan Booker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jordan Booker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Michael Booker, individually and as parent and natural guardian of C.B., is a resident of Colorado Springs, CO, who currently owns and resides at 6560 Tranters Creek Way, Colorado Springs, CO 80925. The minor child, C.B., is a resident of Colorado Springs, CO. As a result of Michael Booker and C.B.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Booker and C.B. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and Michael Booker has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

179.    Plaintiff Katherine Deatherage is a resident of Colorado Springs, CO, who currently owns and resides at 6565 Brook Forest Drive, Colorado Springs, CO 80911. As a result of Katherine Deatherage's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Katherine Deatherage has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's

blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff Clark Deatherage is a resident of Colorado Springs, CO, who currently owns and resides at 6565 Brook Forest Drive, Colorado Springs, CO 80911. As a result of Clark Deatherage's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clark Deatherage has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Ruth Walker, individually and as parent and natural guardian of A.W.1, A.W.2, and A.W.3, is a resident of Colorado Springs, CO, who currently resides at 6597 Fielding Ter., Colorado Springs, CO 80911.  The minor children, A.W.1, A.W.2, and A.W.3 are residents of Colorado Springs, CO. As a result of Ruth Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Walker has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

182.    Plaintiff Kentrail Walker is a resident of Colorado Springs, CO, who currently resides at 6597 Fielding Ter., Colorado Springs, CO 80911 As a result of Kentrail Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kentrail Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

183.    Plaintiff Sky Walker is a resident of Colorado Springs, CO, who currently resides at 6597 Fielding Ter., Colorado Springs, CO 80911. As a result of Sky Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sky Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides

44

in or resided in El Paso County, Colorado.

184.   Plaintiff Donald Mitchell is a resident of Colorado Springs, CO, who currently resides at 6597 Fielding Terrace, Colorado Springs, CO 80911. As a result of Donald Mitchell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Mitchell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.   Plaintiff Sedrick Walker is a resident of Colorado Springs, CO, who currently resides at 6597 Fielding Terrace, Colorado Springs, CO 80911. As a result of Sedrick Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sedrick Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.   Plaintiff Alan Schwarzman is a resident of Colorado Springs, CO, who currently resides at 6620 Weeping Willow Drive, Colorado Springs, CO 80925. As a result of Alan Schwarzman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alan Schwarzman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

187.   Plaintiff Stuart Schwarzman is a resident of Colorado Springs, CO, who currently owns and resides at 6620 Weeping Willow Drive, Colorado Springs, CO 80925. As a result of Stuart Schwarzman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stuart Schwarzman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

188.   Plaintiff Herbert Mabie is a resident of Colorado Springs, CO, who currently resides at 5820 Flintridge Drive, Apt. 327, Colorado Springs, CO 80918. As a result of Herbert

Mabie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Herbert Mabie has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

189.    Plaintiff Ruth Schwarzman is a resident of Colorado Springs, CO, who currently owns and resides at 6620 Weeping Willow Drive, Colorado Springs, CO 80925. As a result of Ruth Schwarzman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Schwarzman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Liver Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Lisa Williams is a resident of Fountain, CO, who currently resides at 6622 Provincial Drive, Fountain, CO 80817. As a result of Lisa Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Malyk Williams is a resident of Fountain, CO, who currently resides at 6622 Provincial Drive, Fountain, CO 80817. As a result of Malyk Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Malyk Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Lawrence Holmes is a resident of Colorado Springs, CO, who currently owns and resides at 6630 White Water Lane, Colorado Springs, CO 80911. As a result of Lawrence Holmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Lawrence Holmes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.    Plaintiff Aurora Santos is a resident of Colorado Springs, CO, who currently owns and resides at 6639 Fielding Circle, Colorado Springs, CO 80911. As a result of Aurora Santos's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aurora Santos has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

194.    Plaintiff Jamie Hilsabeck is a resident of Colorado Springs, CO, who currently owns and resides at 6640 Metropolitan Street, Colorado Springs, CO 80911. As a result of Jamie Hilsabeck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Hilsabeck has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.    Plaintiff Pamela Delaney is a resident of Fountain, Colorado, who currently resides at 6642 Provincial Drive, Fountain, Colorado 80817. As a result of Pamela Delaney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Delaney has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.    Plaintiff Ray Compton is a resident of Colorado Springs, Colorado, who currently owns and resides at 665 Quebec Street, Colorado Springs, CO 80911. As a result of Ray Compton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ray Compton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

47

diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

197.    Plaintiff Stephen Samuels is a resident of Fountain, CO, who currently owns and resides at 6650 Chaps View, Fountain, CO 80817. As a result of Stephen Samuels's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Samuels has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff Phyllis Morris-Samuels is a resident of Fountain, CO, who currently owns and resides at 6650 Chaps View, Fountain, CO 80817. As a result of Phyllis Morris-Samuels's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phyllis Morris-Samuels has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.    Plaintiff Raymond Morris is a resident of Fountain, CO, who currently owns and resides at 6650 Chaps View, Fountain, CO 80817. As a result of Raymond Morris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Raymond Morris has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Shirley Montano is a resident of Colorado Springs, CO, who currently owns and resides at 6660 Defoe Place, Colorado Springs, CO 80911. As a result of Shirley Montano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Montano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201. Plaintiff Ruben Montano, individually and as personal representative of Myra Montano, is a resident of Colorado Springs, CO, who currently owns and resides at 6660 Defoe Place, Colorado Springs, CO 80911. Myra Montano resides at 6660 Defoe Place, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruben Montano and Myra Montano have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Ruben Montano has been diagnosed with Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

202. Plaintiff Victor Montano is a resident of Colorado Springs, CO, who currently resides at 6660 Defoe Place, Colorado Springs, CO 80911. As a result of Victor Montano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victor Montano has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203. Plaintiff Lisa Cremeans is a resident of Colorado Springs, CO, who currently owns and resides at 6665 President Avenue, Colorado Springs, CO 80911. As a result of Lisa Cremeans's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Cremeans has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

204. Plaintiff Robert Cremeans is a resident of Colorado Springs, CO, who currently owns and resides at 6665 President Avenue, Colorado Springs, CO 80911. As a result of Robert Cremeans's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Cremeans has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso

County, Colorado.

205.    Plaintiff Sam Davis is a resident of Fountain, CO, who currently resides at 6669 Provincial Drive, Fountain, CO 80817. As a result of Sam Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sam Davis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206.    Plaintiff Dorine Davis is a resident of Fountain, CO, who currently resides at 6669 Provincial Drive, Fountain, CO 80817. As a result of Dorine Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorine Davis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207.    Plaintiff Nicholas Moore is a resident of Colorado Springs, CO, who currently owns and resides at 6675 Cottonwood Grove, Colorado Springs, CO 80925. As a result of Nicholas Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Moore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208.    Plaintiff Kristie Moore, individually and as parent and natural guardian of K.M., is a resident of Colorado Springs, CO, who currently owns and resides at 6675 Cottonwood Grove, Colorado Springs, CO 80925.  The minor child, K.M., is a resident of Colorado Springs, CO. As a result of Kristie Moore and K.M.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristie Moore and K.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Kristie Moore has been diagnosed with Thyroid Problems. The Plaintiffs

50

currently reside in or resided in El Paso County, Colorado.

209.    Plaintiff Mike Colemon is a resident of Colorado Springs, CO, who currently owns
and resides at 6675 Weeping Willow Drive, Colorado Springs, CO 80925. As a result of Mike
Colemon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,
Mike Colemon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been
diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County,
Colorado.

210.    Plaintiff Christy Ott is a resident of Colorado Springs, CO, who currently resides
at 6675 Weeping Willow Drive, Colorado Springs, CO 80925. As a result of Christy Ott's
exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christy
Ott has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently
resides in or resided in El Paso County, Colorado.

211.    Plaintiff John Bennett is a resident of Fountain, CO, who currently resides at 6684
Provincial Drive, Fountain, CO 80817. As a result of John Bennett's exposure to elevated levels
of PFOA, PFOS, and/or PFCs in the drinking water supply, John Bennett has elevated levels of
PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol.
The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.    Plaintiff Karin Ballard is a resident of Colorado Springs, CO, who currently resides
at 6690 Metropolitan Street, Colorado Springs, CO 80911. As a result of Karin Ballard's exposure
to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karin Ballard has
elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with
High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

213.    Plaintiff Shunika Williams, individually and as parent and natural guardian of

A.W., K.F.S., and J.W. is a resident of Colorado Springs, CO, who currently resides at 6693 Fielding Terrace, Colorado Springs, CO 80911. The minor children, A.W., K.F.S., and J.W. are residents of Colorado Springs, CO. As a result of Shunika Williams, A.W., K.F.S., and J.W.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shunika Williams, A.W., K.F.S., and J.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shunika Williams has been diagnosed with Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

214.    Plaintiff Nichole Dowling is a resident of Fountain, CO, who currently resides at 670 Calle Entrada, Fountain, CO 80817. As a result of Nichole Dowling's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nichole Dowling has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

215.    Plaintiff Thomas Vallejo is a resident of Colorado Springs, CO, who currently owns and resides at 6710 Defoe Avenue, Colorado Springs, CO 80911. As a result of Tom Vallejo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tom Vallejo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

216.    Plaintiff Laurie Vallejo, (listed in Needles as a "Guardian" of 4, only 3 children listed on Complaint) individually and as parent and natural parent of R.V., Z.V., and A.K. and as representative of Christopher Van Sickle, is a resident of Colorado Springs, CO, who currently owns and resides at 6710 Defoe Ave., Colorado Springs, CO 80911. Christopher Van Sickle resides at 6710 Defoe Ave., Colorado Springs, CO 80911. The minor children R.V., Z.V., and

A.K. are residents of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, they. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

217.    Plaintiff Anthony Dilworth, individually and as parent and natural parent of A.D., is a resident of Colorado Springs, CO, who currently resides at 6710 Metropolitan Street, Colorado Springs, CO 80911. The minor child, A.D., is a resident of Colorado Springs, CO.  As a result of Anthony Dilworth and A.D.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Dilworth and A.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

218.    Plaintiff Angelia Hamilton is a resident of Colorado Springs, CO, who currently owns and resides at 6710 Metropolitan Street, Colorado Springs, CO 80911. As a result of Angelia Hamilton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelia Hamilton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

219.    Plaintiff Yvonne Bynum is a resident of Colorado Springs, CO, who currently resides at 6710 Metropolitan Street, Colorado Springs, CO 80911. As a result of Yvonne Bynum's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yvonne Bynum has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

**Defendants**

53

220.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

221.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

222.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

223.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

224.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

225.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

226.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

227.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

228.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc.  Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

229.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

230.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

231.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

55

232.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

233.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

234.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

235.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

236.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

237.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

238.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John

56

F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

239.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

240.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

241.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

242.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

243.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

244.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

245.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

246.     Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

247.     KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

248.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

249.     Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

250.     UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

251.     NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

252.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

253.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

254.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

255.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

256.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

257.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

258.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

259.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

260.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

261.    The USAF uses 3% AFFF for its installations.

262.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

263.    3M was the only company to manufacture PFOS-containing AFFF.

264.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

265.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

266.    In 1947, 3M began producing PFOA via ECF.

267.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

268.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

269.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

270.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

271.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

272.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

273.    Early studies showed that PFCs accumulated in the human body and were toxic.

274.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

275.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

276.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

277.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

278.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

61

279.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

280.    These injuries can arise months or years after exposure to PFOA.

281.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

282.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

283.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

284.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

285.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

286.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

287.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

288.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

289.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

290.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

291.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

292.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

293.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

294.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

295.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

296.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

297.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

298.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

299. The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

300. PFOA and PFOS are present in all Defendants' AFFF products.

301. Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

302. Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

303. Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

304. Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

305. Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing

PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS

is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF

containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

306.    The relevant product and geographic market can be defined in this instance because

the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for

only one purpose, to fight fires.

307.    The market for AFFF is ascertainable through standard discovery means.

308.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply

because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has

manufactured the product that has contaminated the water supply and gives rise the injuries

complained of in this action.

309.    Alternatively, as a result of Defendants' participation in the fire-fighting foam

industry through the production, sale, and distribution of AFFF containing PFOA and PFOS,

enterprise liability attaches to all of the named Defendants for casting defective products into the

stream of commerce.

## **CONSPIRACY**

310.    Defendants actually knew of the health and environmental hazards which PFOA

and PFOS posed to Plaintiffs.

311.    Beginning in the 1970s and continuing through the date of this Complaint,

Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

of providing information about AFFF-containing PFOA and/or PFOS to the public and to

government agencies with the unlawful purpose of:

66

312.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

313.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

314.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

315.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

316.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

317.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

318.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

319.    Using their considerable resources to fight PFOA and PFOS regulation; and

320.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

321.   As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

322.   Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

323.   Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

324.   Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

325.   Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

326.   Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

**CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE**

327.   Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

328.   This cause of action is brought pursuant to Colorado law.

329.   Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

330.   Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including

cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

331.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

332.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

333.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

334.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

335.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

336.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

69

337.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

338.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

339.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

340.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

341.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

342.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

343.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

344.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in

such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

345.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

346.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

347.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

348.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

349.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

350.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

351.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

352.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

353.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

354.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

355.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

356.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

357.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the

72

negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

**AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING**

358.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

359.    This cause of action is brought pursuant to Colorado law.

360.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

361.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

362.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

363.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

364.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

365.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

366.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

367.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

368.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

369.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

370.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

371.    This cause of action is brought pursuant to Colorado law.

74

372.     As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

373.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

374.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

375.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

376.     Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

377.     Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

378.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

379.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

380.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

381.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

382.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

383.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

384.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

385.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

386.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

387.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

388.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

389.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

390.    This cause of action is brought pursuant to Colorado law.

391.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

392.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

393.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

394.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

395.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

396.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

397.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

398.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

399.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

400.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

401.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

402.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue

to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

403.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

404.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

405.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

406.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

407.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

408.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

409.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

410. Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

411. Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

412. WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

413. a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

414. an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

415. an order for an award of attorneys' fees and costs, as provided by law;

416. an award of pre-judgment and post-judgment interest as provided by law; and

417. an order for all such other relief the Court deems just and proper.

## JURY DEMAND

418. Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 17, 2018                              Respectfully Submitted,

                                                 **MCDIVITT LAW FIRM**

/s/ Stephen A/ Longo
Stephen A. Longo
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: khyman@mcdivittlaw.com

**NAPOLI SHKOLNIK, PLLC**

Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com